IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RYAN REYNOLDS,**

                **Plaintiff,**

      **v.**                                                    **CASE NO. 18-3217-SAC**

**SHAWNEE COUNTY JAIL STAFF, et al.,**

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person held at the Shawnee County Jail, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Based upon the records supplied by plaintiff, the average balance in his account during the six months preceding the filing of this

action was $21.61, and the average deposit was $158.33. The Court has calculated an initial partial filing fee of $31.50, twenty per cent of the average monthly deposit.

## Nature of the Complaint

Plaintiff sues unnamed members of the Shawnee County Jail and Corizon Medical staffs. He claims that on multiple occasions he has not been given his medication. He also states that he has a serious heart condition and that he is experiencing chest pains due to the neglect. He seeks damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247

(citing *Twombly* at 1974).

**Discussion**

Plaintiff's claims primarily allege inadequate medical care during his incarceration at the Shawnee County Jail (SCJ). It is unclear from the complaint whether he was a pretrial detainee during the relevant time; if so, his right to adequate medical care was guaranteed by the Due Process Clause of the Fourteenth Amendment. *Oxendine v. Kaplan*, 241 F.3d 127, 1275 n. 6 (10th Cir. 2001).

Under the Due Process Clause, "pretrial detainees are … entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985).

Under the Eighth Amendment, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id*.).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks

and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

Here, plaintiff's allegation of neglect by the unnamed staff members is insufficient to state a claim for relief under § 1983 because he alleges no more than negligence or a disagreement over the treatment needed.

Likewise, a plaintiff proceeding under § 1983 must allege the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). An individual cannot be held liable under § 1983 on the basis of

supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).

Because the present complaint does not identify individual defendants or explain how their personal conduct violated plaintiff's rights, the Court cannot identify those defendants whose acts directly impacted the plaintiff.

### Order to Show Cause

The Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. In the alternative, plaintiff may submit a complete amended complaint that cures the deficiencies identified in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 15, 2019**, plaintiff shall submit an initial partial filing fee of $31.50 to the clerk of the court.

IT IS FURTHER ORDERED that on or before **November 15, 2019**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein or, in the alternative, shall submit a complete amended complaint that cures the deficiencies identified by the Court. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 22nd day of October, 2019, at Topeka, Kansas.

```
S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
```