```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**RYAN REYNOLDS,**

                         **Plaintiff,**

        v.                                                  CASE NO. 18-3217-SAC

**SHAWNEE COUNTY JAIL, et al.,**

                         **Defendants.**

### ORDER OF DISMISSAL

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, commenced this action while in pretrial detention at the Shawnee County Jail. For the reasons that follow, the court finds this matter should be dismissed.

#### Background

    Plaintiff filed the complaint against the Shawnee County Jail and Corizon, a health care provider, alleging a failure to provide his medication for a heart condition in a consistent manner. Because the complaint identified the defendants only as Shawnee County Jail staff and Corizon staff, the court directed plaintiff to either show cause why the matter should not be dismissed or submit a complete amended complaint that identified individual defendants and explained their personal participation. The court also directed plaintiff to submit an initial partial filing fee.

    Plaintiff then filed an objection to the partial filing fee and a four-page narrative that states that he believes all employees of the Shawnee County Jail and all employees of Corizon are responsible for the alleged medical neglect. Although the narrative does identify some individual employees by name and employment title, it does not

specifically identify their personal participation in the failure to provide medication.

## Analysis

To state a claim for relief for a constitutional violation under § 1983, a plaintiff must show that the defendant acted under color of state law and caused, or contributed to, the harm alleged. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). The plaintiff also must show the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *Id.; see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") and *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Likewise, an individual cannot be held liable under § 1983 on the basis of a bare claim of supervisory status. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, to present a claim against a governmental official for conduct related to supervisory authority, a plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 615 F.3d 1185, 1198 (10th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Viewed under these standards, plaintiff's narrative is insufficient to provide fair notice to an individual defendant "of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991); Fed. R. Civ. P. 8(a)(2)(requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Next, despite plaintiff's concerns about the impact on his health caused by interruption in his medication, he has not identified any physical harm that arose from that interruption. While his concerns are entirely reasonable, a prisoner must show physical injury to proceed on a claim for damages. The Prison Litigation Reform Act (PLRA) established, in part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This provision bars a claim for compensatory damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Lawson v. Engleman*, 67 F. App'x 524, 526-27 (10th Cir. 2003) ("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (citation omitted).

Finally, the court takes notice that plaintiff is no longer held in the Shawnee County Jail but is in the custody of the Kansas

Department of Corrections. Accordingly, any claim for declaratory and injunctive relief is moot. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).

Having considered the record, the court concludes this matter may be dismissed. Plaintiff has failed to provide an amended complaint that properly identifies individual defendants or that provides adequate notice of the specific claims against any defendant, he has not shown any physical injury that supports a claim for damages, and any claim for injunctive or declaratory relief is barred by his transfer from the Shawnee County Jail.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied.

**IT IS SO ORDERED.**

DATED:  This 30th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge